your honors good morning this is Gary Bertram I represent petitioner mr. Hosley I'd like to reserve three minutes for rebuttal there is no dispute in this case that the prosecutor committed multiple incidents of misconduct during closing argument and rebuttal she misstated the law she used evidence for an improper purpose and she improperly used prior conviction impeachment evidence the question for the court this morning is whether the state court unreasonably found that all of these errors were harmless I'd like to start with the misstatements of law mr. Hosley petitioner presented an imperfect defense of others theory based on his claim that he actually believed two things at the time of the shooting number one that his mother was an imminent danger of being killed or suffer or suffering great bodily injury and number two that this use of force was necessary to defend against this danger the important the important point as to this defense is that under California law neither of these beliefs had to be reasonable he simply just had to be his genuine actual beliefs the prosecutor however argued in closing argument that for imperfect defense of another to lie the beliefs had to be reasonable she said it three separate times petitioner objected but the trial courts overruled the objection and said that the prosecutor was correct that the reasonableness requirement was in the instruction the state court found that these misstatements of law were harmless because the trial court properly instructed on the law at the end of the case it is true that at the end of the case the trial court gave the jury proper instruction as instructions as to murder and manslaughter but the state courts conclusion is unreasonable because as this courts well-established case law sets forth much more than simply instructing properly at the end of a case is required to cure misconduct I cited this as some of the cases that stand for this sim top Sanchez and what all these cases say is that to appropriately and fully cure the harm from an improper prosecution argument the trial court must take prompt and effective action to deal with it and in this case not only do we not have prompt or specific action from the trial court to address this improper statement of law I'm really one of the most important points at trial the trial court actually made it worse by ratifying the improper statement of the Stein case which says if at the end of the case there's a conflict in instructions the jury cannot be presumed to follow the proper one and because the trial court in this case did not do anything to correct the misconduct at the time that it occurred and it actually made it worse by ratifying it we have at the end of the case the jury hearing the proper instruction at the end of the case but then essentially an instruction during the case that was because of the subject matter of this case really boiled down to mr. Hosley state of mind what did he actually believe was necessary at the time he was at the house taking into account all of his mental health issues and all of the the history he had with his mother and based upon everything that was presented including the the testimony of dr. Monroe mr. Hosley had a very strong argument that given his is brutal and extraordinary background he actually believed at that time that he needed to act in this way to save his mother he had a much much weaker argument that he had he had a reasonable belief based on all the facts that he needed to shoot mr. Johnson that's why the the misconduct as to this particular point is so prejudicial to mr. Hosley the second area of misconduct was the use of evidence for an improper purpose another key issue at trial was whether mr. Hosley received a phone call on the way to his mother's house in which his mother told him that everything was fine it was simply a gin night they'd been drinking heavily witness Crowder testified that this call occurred petitioner said the call never occurred and a couple other witnesses testified that they were not able to get a hold of mr. Hosley on the way because his phone was off the government argued in closing that the call did happen based on Crowder's testimony the defense said the call never happened saying the petitioner should be believed in government went outside the record in terms of evidence admitted for its truth and said that a letter that petitioner's mother had written to dr. Monroe supported Crowder's version that the call did happen and the jury should should believe that the call happened just like the first issue there was an immediate defense objection the trial court again and properly overruled it and said to the jury it's in response to the argument go ahead again the state court found that this argument was improper but again fell back to foul because of the proper limiting instruction at the end of the trial again I would point this court to the long line of cases Simtah Weatherspoon Sanchez deck that says you have to take prompt and effective action against this sort of misconduct to cure it and if you don't then it's deemed not cured and the jury is tainted by what the prosecutor said during the trial as the prejudice again this was a another really important point at trial because if the mr. Housley's mother called him on the phone and say hey everything is okay you know we're just drinking you know that that devastates his his state of mind voluntary manslaughter defense so again the second area of misconduct was asked to a crucial point in this case the third area of misconduct concerns the use of impeachment evidence for an impermissible purpose the trial court admitted mr. Housley's 2000 PC 245 conviction that was assault with a and the trial court was very careful very very careful to sanitize it so it didn't undo the prejudice mr. Housley and so it was only admitted for date code section and the fact that it was a felony it notably the government tried to introduce this prior conviction under the equivalent of federal rule 404 B in the district court the trial court denied that finding that was too too prejudicial the prosecutor brought the conviction out properly and cross but then in rebuttal said that petitioners prior conviction for shooting somebody in the past was not consistent with the doctrine of avoidance and that related to the PTSD that his doctor had testified about first of all this was more information than the trial court allowed the trial court sanitized this just a date code section and felony and now the prosecutor is telling the jury that he was convicted for shooting somebody in the past the 245 conviction and for assault with a firearm does not require that you shoot someone just simply that you assault and point the weapon at someone and so we had the information that was beyond the scope of what was admitted and then we had essentially what sounds to me like a propensity argument it sounds like you know he did it before and so now he did it again and so the state court declined to reverse again finding that the the instructions at the end of trial cured this misconduct the response to this one was better than than the first two but it was still late it was at the very end of trial and this is one of those errors where I think is that you have to wonder if you can actually unring this bell I mean this is a shooting of a man inside his house we have the jury now learning of eight years before the shooting 11 years before the trial another shooting by mr. Hossley and it never should have come in with all those facts and never should have come in for that for that purpose and so I have a that all these things were error but then found that they were all cured by the instructions that were given by the court how can we find that conclusion is objectively unreasonable the reason we have to apply here sure that the reason why the court can find that is because the state court totally disregarded the line of case law that talks about what you actually have to do to cure the misconduct the state court took sort of and if you if you instruct properly at the end it cures everything before and that's not at all how it works I mean there's a whole line of cases your honor had the case from 2015 the the Alcantara Castillo case where where you talk about and and the other panels talk about in Simtom and Weatherspoon and Sanchez that you just can't instruct at the end and say everything is fine you have to take prompt and effective action including specifically noting what the misconduct was and telling the jury what it needed to do to to handle the case properly and so the reason why all these conclusions are unreasonable is because the state court just just adopted a blanket rule that if you instruct at the end and the instructions at the end are proper everything that happened beforehand is fine even if the trial court didn't take prompt and effective effective action and even even in two instances here the trial court actually ratified actually ratified what the and in doing so he gave a de facto instruction to the jury at that time that was directly contrary to what what the applicable law was so that that's the problem and that's why these state court these state court conclusions are unreasonable. Counsel Judge Gould if I can interject. Yes sir. In terms of the cases that you're relying on to say there has to be prompt and effective action as any of those Supreme Court precedents? No those were Ninth Circuit cases essentially applying the the Darden test which is a clearly established law here is it's a Darden test that says a prosecutor's improper comments violate the Constitution if they so infect the trial with unfairness as to make the resulting conviction a denial of due process and when we apply that test and when the Ninth Circuit has applied the test in those cases that I've been talking about they they look to see whether it's so infected the trial with unfairness they look they look as to whether that happened as to the curative instruction and and you know was it prompt was it effective and again in this case we don't have either and in two of the three ratification and the direct opposite of what the trial court should have done. I also bring a cumulative error argument in this case and we always bring that in cases where there's multiple errors I mean this one these errors are right they really fit together in terms of of how they affected and prejudiced unfairly Mr. Mr. Hosley they went to a state of mind they went directly to his defense and the jury at best at the end of the case was confused as to the applicable law and on these key trial issues it was told to reject Mr. Hosley's defense based on evidence never admitted for that purpose and and at the very end of trial and in the rebuttal it was essentially left with a you know he did it before and he did it again sort of propensity argument that never should have been admitted in trial and so I know we have a depth of deference in this case and I mean I need to clear that hurdle but I think based upon the state the state courts complete failure to to do any sort of reasonable a curative analysis I think we meet that standard in this case and we were asking the court to reverse the district courts denial of Mr. Hosley petition and I'll reserve my final four minutes for rebuttal all right thank you counsel mr. Riley thank you your honor may it please the court Justin Riley on behalf of the warden I'd like to start by building on something judge Gould touched on and that is pellets argument that the curative measures taken by the state court must have been prompt and specific or prompt and effective that is a test gleaned from Supervisorial Ninth Circuit Authority applying Darden and in Parker versus Matthews the Supreme Court has out of Darden where one didn't exist instead the state court reasonably found that the trial court took remedial measures as to all of the prosecutors misstatements and it's uncontested that the trial court gave a complete clear correct statement of the law and how all evidence was to be used by the time the case of the jury room and the jury took written copies of those correct instructions in with them as well I'd like to touch briefly on what the petitioner's defense was listeners to the fence focused on anything less than first-degree murder he wasn't really focused on unreasonable self-defense that was just one of the many options he reason we know this is because at page 70 of the excerpts of record where the state court recounted a summary of the petitioner's testimony petitioner himself testified that he never intended to shoot he didn't even remember shooting and it was basically an accident the gun went off without his that he needed to shoot the victim because of some sort of altercation he didn't even realize he pulled the trigger in that context the prosecutors misstatements regarding unreasonable self-defense are that much less harmful and when a prosecutor misstates the law and the trial court gives a correct instruction on the law that is not a conflict of instructions those are not conflicting instructions in the meaning of the Supreme Supreme Court's declaration that conflicting instructions need to be cured in a the Supreme Court was describing there were two instructions given by the trial court so that doesn't fit either I'd like to touch briefly on the the cumulative error argument remember the chambers versus Mississippi and even as described as accumulation of prejudice based on constitutional errors so petitioner must prove more than one constitutional error and then somehow that the synergy between them accumulated to deprive him of a fair trial I'd love to answer any questions if there are none I'm prepared to send I'm sorry I don't have all the judges on my screen no questions no questions here from judge schools thank you very much okay thank you thank you counsel mr. Burcham your honor just a couple of comments in response to the government's argument with respect to what mr. Hosni said about what happened he said he just didn't remember what happened and and the doctor talked about his disassociative disorder which can affect someone's ability to to to recall or or comprehend things after happening and he went and said look I went there and and we had the confrontation at the door and and I don't remember exactly what happened but he never denied that he shot him and he just simply said at looking back I don't know exactly what happened but he never defended denied shooting mr. Johnson and that's why the voluntary manslaughter defense was was very much alive in the case with respect to the fact that I'm citing Ninth Circuit cases in favor of the the requirements to adequately cure something I mean when the Supreme Court gives us a super broad test and says that that it's a constant constitutional violation of the errors so in fact the trial with unfairness as to make the resulting conviction a denial of due process and then the circuit courts try to figure out in each in each instance what what what has to happen for for for it to be a denial of due process or what has to happen to to to to maintain a person's right to due process and so the circuit courts are simply applying that general standard and in this case doing it in the context of curing the prosecutorial misconduct and so these cases are exactly how it's supposed to work in terms of taking a broad proposition from the Supreme Court and then applying it to particular instances and so those are controlling us to this issue they're exactly on point as to what the trial court needed to do in this case and and it just it failed miserably in terms of curing the error as to all three areas of misconduct and you know the government wants to say this this case was about you know second-degree murder or voluntary manslaughter or imperfect self-defense I did this I mean his best defense was the defense of another the reasonable defense of another voluntary manslaughter and the the misconduct and trial courts failure to cure it properly had had a tremendous unduly prejudicial effect on on on mr. Housley and it ended up as Darden said infecting the trial with unfairness to the extent that it denied him his right to a fundamentally fair trial and under the due process clause and that's what we're asking the court to find all right thank you counsel Housley versus Hill be submitted
judges: Wardlaw, Gould, Cain